UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
CHIGAGO DIVISION

| | |
|---|---|
| EMILY OLSZEWSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| POWER STOP, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Emily Olszewski ("Plaintiff" or "Olszewski"), and files her Complaint against the Defendant, Power Stop, LLC. ("Defendant" or "Power Stop"), and in support she states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq*. ("ADA"); the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq*.; and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq*. ("IHRA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful pattern and practice of discrimination and retaliation against Plaintiff and interference and retaliation with Plaintiff's lawful use of FMLA due to her disability leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA and FMLA.

1

3. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state law pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Olszewski, is a citizen of the United States and is, and was at all times material, a resident of the State of Illinois, residing in Cook County.

6. Defendant, Power Stop, is a Domestic For Profit Corporation with its principal place of business in Bedford Park, IL.

7. Defendant does business in this judicial district at 6112 West 73rd Street Unit C Bedford Park, IL 60638.

8. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. On September 16, 2019, Plaintiff dual-filed a claim with the Illinois Department of Human Rights Commission ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), against Defendants, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e), based on disability and retaliation.

11. Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

12. On May 12, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue, issued upon request.

13. This complaint was filed within ninety (90) days Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

14. Plaintiff worked for Defendant in a full-time capacity as a Purchasing Assistant.

15. Plaintiff is disabled.

16. At all times relevant to this action Plaintiff suffered from impairments within the meaning of the ADA and which Defendant regarded as disabilities.

17. Plaintiff's disabilities impacted her major life activities such as caring for herself, working, and communicating.

18. On or about July 1, 2019, Plaintiff's disability flared up, which led to Plaintiff seek a brief leave of absence from her employment with Defendant.

19. About one week later, on or about July 8, 2019, Plaintiff informed Defendant that she was cleared to return to work.

20. Plaintiff provided Defendant with a doctor's note to support her request for the brief medical leave of absence.

21. Plaintiff requested FMLA documents.

22. To interfere with Plaintiff's lawful right to FMLA leave, Defendant failed to provide Plaintiff with FMLA documents.

23. Defendant failed to engage in the interactive process as required by the ADA.

24. Instead, due to her disability and to interfere with and in retaliation for requesting FMLA leave, Defendant terminated Plaintiff.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff continues to be damaged by Defendant's illegal conduct as she is no longer able to afford medications to treat her disabilities.

27. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count I: Disability Based Discrimination in Violation of the ADA**

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

30. Plaintiff was able to perform the essential functions of her job at the time of her unlawful termination.

31. Defendant is prohibited under the ADA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32. Defendant violated the ADA by terminating and discriminating against Plaintiff based on her disability.

33. Plaintiff has been damaged by Defendant's illegal conduct.

34. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

35. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

36. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count II: Retaliation in Violation of the ADA

37. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

38. Defendant intentionally retaliated against Plaintiff for engaging in protected activity by unlawfully terminating her employment.

39. Defendant's conduct violates the ADA.

40. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III: Interference in Violation of the FMLA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

44. Plaintiff exercised or attempted to exercise her rights under the FMLA.

45. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief.

### Count IV: Retaliation in Violation of the FMLA

48. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

49. Defendant retaliated against Plaintiff for exercising or attempting to exercise her FMLA rights.

50. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

51. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal relief

### Count V: Disability Based Discrimination in Violation of the IHRA

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

53. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the IHRA.

54. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

55. Defendant is prohibited under the IHRA from discriminating against Plaintiff because of her disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

56. Defendant violated the IHRA by unlawfully terminating and discriminating against Plaintiff based on her disability.

57. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

58. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the IHRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

59. Defendant's unlawful conduct in violation of the IHRA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count VI: Retaliation in Violation of the IHRA

60. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

61. Plaintiff engaged in protected activity under the IHRA on more than one occasion while employed by Defendant.

62. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

63. Defendant's conduct violated the IHRA.

64. Defendant's discriminatory conduct, in violation of the IHRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which she is entitled to damages.

65. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

66. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio (6313431)
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*